UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MANUEL MATEO,

                 Plaintiff,

        v.

FRANCISCO PAEZ and CESAR RIQUELME,

                 Defendants.

**NOT FOR PUBLICATION**

**SUMMARY ORDER**
10-CV-3568 (PKC)

------------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Plaintiff Manuel Mateo moves for a judgment of default pursuant to Federal Rule of Civil Procedure 55(b) as to defendants Francisco Paez and Cesar Riquelme ("Defaulting Defendants"). In his complaint, Plaintiff, a former New York City Police Department ("NYPD") officer, alleges that the Defaulting Defendants conspired with NYPD officials (the "City Defendants") to falsely accuse Plaintiff of various misconduct, which ultimately led to Plaintiff's termination from the NYPD. Plaintiff claims that he was denied due process with respect to his termination because the City Defendants bribed the Defaulting Defendants to testify falsely at Plaintiff's NYPD internal trial ("Departmental trial"). Because the Court's prior ruling in this case, finding that Plaintiff was afforded due process with respect to his Departmental trial, precludes a finding of liability against Paez and Riquelme, Plaintiff's motion for a judgment of default is DENIED.

      A.    <u>Procedural Background</u>

       Plaintiff asserts federal claims under 42 U.S.C. Sections 1983 and 1985 for deprivations of his constitutional right to due process, a state law claim of defamation, and employment discrimination claims under the New York State Human Rights Law and New York City Human

Rights Law. (Dkt. 1.) According to the complaint's allegations, which for purposes of the present motion the Court presumes as true,[1] Paez and Riquelme served as witnesses at Mateo's Departmental trial on charges, brought by the NYPD, that Plaintiff committed bribery, official misconduct, failure to make an arrest, and other offenses. (Dkt. 1 ¶¶ 23, 33.) Plaintiff alleges that Paez and Riquelme were "bribed and coerced into giving false testimony against Plaintiff by the NYPD." (Dkt. 1 ¶ 33.) Both Paez and Riquelme are private citizens being sued in their individual capacities. (Dkt. 1 ¶¶ 17–18.) Plaintiff's claims against the City of New York and numerous police defendants previously were dismissed by Judge Amon in their entirety on the City Defendant's motion for summary judgment. (*See* Dkt. 54.) Only Plaintiff's claims against the Defaulting Defendants remain.

B. <u>Conspiracy to Violate Constitutional Rights through Official Misconduct</u>

1. <u>Liability of Private Citizens for Official Misconduct</u>

It is well settled that liability under the federal civil rights laws, such as 42 U.S.C. §§ 1983 and 1985, is proper only with respect to individuals acting under color of law, *i.e.* state actors. *See* 42 U.S.C. §§ 1983, 1985; *see also Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("Section 1983 addresses only those injuries caused by state actors or those acting under color of state law.") Nevertheless, private citizens *may* be held liable under Sections 1983 and 1985 for acting under color of law where they act as "a willful participant in joint activity with the State or its agents." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

---

[1] *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 & n.3 (2d Cir. 2002) (citing standard in Brass with approval as "congruent with that of our sister Circuits").

In a Section 1985 conspiracy claim, a private citizen may be liable for conspiring to deprive another of his or her constitutional rights when they participate in a conspiracy with government actors to do so. *Id.* (citing *Conway v. Village of Mount Kisco*, 750 F.2d 205, 214 n.12 (2d Cir. 1984)). Accordingly, because Plaintiff alleges that the Defaulting Defendants, both private citizens, conspired with the City Defendants to deprive him of due process, the Defaulting Defendants could be found liable under Sections 1983 and 1985.

2. <u>Elements of the Conspiracy Claim</u>

To establish a conspiracy claim pursuant to 42 U.S.C. §§ 1983 and 1985, a plaintiff first must establish an underlying deprivation of a constitutional right. In other words, "[a] violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right." (Dkt. 54 at 6 (citing *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000).) Plaintiff bases his Section 1983 claim on the alleged deprivation of his right to due process when his employment with the New York City Police Department ("NYPD") was terminated as a result of the alleged bribery and perjury scheme between the City and Defaulting Defendants in connection with Plaintiff's Departmental trial. Accordingly, in order to establish a basis for his conspiracy claim, Plaintiff first must state a claim as to the underlying deprivation of his due process rights.

C. <u>Analysis</u>

Plaintiff alleges that his constitutional right to due process was violated when the now-dismissed City Defendants bribed and encouraged Paez and Riquelme to provide false testimony at Plaintiff's Ddepartmental trial, or at least by failing to prevent them from providing such false testimony. (Dkt. 1 ¶ 33.) As Judge Amon noted in granting the City Defendants' motion for summary judgment, when analyzing due process claims, the Court must evaluate "(1) whether

the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, (2) what process was due before the plaintiff can be deprived of that interest." (Dkt. 54 at 5 (citing *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995)).) Judge Amon evaluated Plaintiff's due process claim, and determined that Plaintiff had received adequate due process. (Dkt. 54 at 5–6.) Specifically, Judge Amon ruled that:

> The plaintiff was provided more than a limited opportunity to be heard prior to his termination: he received a full administrative trial at which he was represented by an attorney and had the opportunity to present evidence and cross-examine witnesses. In addition, it is undisputed that the plaintiff was afforded post-deprivation proceedings in the form of an Article 78 proceeding, which is still pending in state court. The combination of these two procedures satisfies procedural due process and bars the plaintiff's § 1983 claim.

(Dkt. 54 at 5–6.)

Accordingly, the law of the case doctrine dictates that the Defaulting Defendants, whatever their conduct, could not have conspired with state actors in the deprivation of Plaintiff's due process rights, because there was no such deprivation. *See New York v. Adamowicz*, 932 F. Supp. 2d 340, 346 (E.D.N.Y. 2013) (citing *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992)) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Green*, 46 F.3d at 194 (plaintiff making due process claim must show that he was deprived of process to which he was due). Therefore, Plaintiff cannot prevail on his Section 1983 and 1985 claims against the Defaulting Defendants for conspiring to deprive Plaintiff of his due process rights, and no default judgment can be issued.

## *CONCLUSION*

For the reasons stated above, Plaintiff's motion for default judgment as to the Defaulting Defendants is denied in its entirety. Furthermore, Plaintiff hereby is ordered to show cause

4

before this Court, within 30 days from the date of entry of this order, why (1) Plaintiff's Section 1983 and 1985 claims should not be dismissed for failure to state a claim upon which relief can be granted; and, (2) if the Court were to dismiss Plaintiff's Section 1983 and 1985 claims, why Plaintiff's remaining state law claims also should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: April 11, 2014
　　　　Brooklyn, New York