UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MANUEL MATEO,

                Plaintiff,

                v.

FRANCISCO PAEZ and CESAR RIQUELME,

                Defendants.

------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**SUMMARY ORDER**
10-CV-3568 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Manuel Mateo initiated this action on August 3, 2010. Plaintiff's complaint asserts, *inter alia*, claims under 42 U.S.C. § 1983, alleging that he was deprived of his due process rights, and related state-law claims charging employment discrimination. (Dkt. 1.) After the City of New York and several police officers ("City Defendants") were dismissed from this action on summary judgment (Dkt. 54), Plaintiff moved on January 30, 2014 for default judgment as to the only remaining defendants, Francisco Paez and Cesar Riquelme. (Dkt 69.) By summary order dated April 11, 2014, the Court denied the motion for default judgment, and ordered Plaintiff to show cause why this action should not be dismissed in its entirety for failure to state a Section 1983 claim with respect to the two remaining defendants, and for lack of subject matter jurisdiction over Plaintiff's related state-law claims. (Dkt. 73.)

      Plaintiff responded thereto on May 30, 2014. (Dkt. 75.) While Plaintiff concedes the non-viability of his Section 1983 claims, he asks the Court to exercise pendent jurisdiction over his state-law claims. Finding that no interest would be served by this exercise of jurisdiction, the

Court declines to do so. Accordingly, Plaintiff's complaint is dismissed in its entirety without prejudice to refile in state court.

*DISCUSSION*

Plaintiff concedes that his claims against the defaulting defendants pursuant to 42 U.S.C. § 1983 are no longer viable (Dkt. 75 at 1.) As a result, no claims over which the Court has original jurisdiction remain in this case. All that remains are Plaintiff's state-law claims under the New York State and New York City Human Rights Laws, and a claim for defamation. (Dkt. 1 at 15–29.) Ordinarily, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (citing *Castellano v. Bd. of Trustees, et al.*, 937 F.2d 752, 758 (2d Cir. 1991) (alterations omitted); *see also Castellano*, 937 F.2d at 758 ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.") (citation omitted); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 348–49 (S.D.N.Y. 2005) ("Supplemental jurisdiction is not mandatory" and "[a] district court may decline to exercise supplemental jurisdiction if . . . [*inter alia*] the district court has dismissed all claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c)). However, it is within the Court's discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims, notwithstanding that the federal claims have been dismissed. *See Purgess*, 33 F.3d at 138 (quoting 28 U.S.C.A. 1367, Practice Commentary (1993) at 835) ("If [] the dismissal of the federal claim[s] occurs 'late in the action, after there has been substantial expenditure of

time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary.").

Plaintiff asks the Court to assert jurisdiction over Plaintiff's remaining state-law claims in the interests of "economy, convenience, fairness, and comity." (Dkt. 75 at 4.) Plaintiff claims that he would be prejudiced by this Court's dismissal of the state-law claims "in light of the considerable time and expense he has already invested, as well as the additional costs of commencing a new action in state court." (Dkt. 75 at 3.) Further, Plaintiff argues, "it would be unfair to grant [Defendants] Paez and Riquelme yet another opportunity to defend the case on the merits—considering that they have had ample opportunity to do so in the instant action and have continuously failed to do so." (Dkt. 75 at 3.)

The circumstances that have lead district courts to assert supplemental jurisdiction over state-law claims after a plaintiff's federal claims have been dismissed are not present here. For example, in one case cited by Plaintiff, the district court invoked supplemental jurisdiction over the remaining state-law claims where discovery had been completed, the court already had decided three dispositive motions, and the case was ready for trial. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990) (upholding district court's assertion of supplemental jurisdiction over plaintiff's state-law claims). In another, the district court retained jurisdiction when all of the federal claims had been dismissed nine days before trial. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996).

Here, Plaintiff has conducted discovery, which was certified complete on December 16, 2011, and dispositive motion practice has resulted in the termination of all defendants other than the two remaining, defaulting defendants. (*See* Dkts. 33, 54.) However, the case is not prepared for trial, and trial is not imminent. No pretrial order has been submitted, and Plaintiff has not

suggested that any preparations for trial have been made. Thus, the concerns over wasted time and effort caused by dismissing a case upon the eve of trial, as expressed in *Raucci* and *Nowak*, among others, are not present in this case.

Insofar as Plaintiff claims that he would be prejudiced by dismissal of his state-law claims because he has expended substantial resources in discovery, those resources have not gone to waste. Plaintiff can use this discovery to pursue his claims in state court or elsewhere. Although Plaintiff will likely have to pay a state court filing fee, this expense does not amount to prejudice. Furthermore, comity would not be served by this Court rendering a decision on the seemingly novel state law theory of liability being pursued by Plaintiff in this case, which would require the application of a variety of state law provisions, particularly anti-employment-discrimination laws, to private actors.

In sum, after giving due consideration to the interests of "economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over Plaintiff's free-standing state law claims. This is the quintessential "usual case" "in which all federal-law claims are eliminated before trial" and in which "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—[] point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Importantly, the Supreme Court has advised that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). That is the case here.

*CONCLUSION*

For the reasons stated above, in the absence of any claims over which the Court has original federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Plaintiff's remaining state-law claims hereby are dismissed, without prejudice. The Clerk of Court respectfully is directed to terminate this matter.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 10, 2014
       Brooklyn, New York